**GRAHAM, CURTIN & SHERIDAN, P.A.**
Christopher J. Carey (CC2300)
Four Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Tel: (973) 292-1700 Fax: (973) 292-1767
Attorneys for Neal Comer, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CV-02-_____( )   *05 CV 1656 (JBS)*

---

| | |
|---|---|
| William Pollen, M.D., <br><br> Plaintiff, <br><br> v. <br><br> Neal Comer, Esq., David Young, Esq., Denys Cole, and Peter Ritter, Esq., <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: CAMDEN COUNTY <br> DOCKET NO.: L-CAM-1076-05 <br><br> Civil Action <br><br> **NOTICE OF REMOVAL** |

---

TO:  The Judges Of The United States District Court
     For the District of New Jersey

**PLEASE TAKE NOTICE** that Defendant, Neal Comer, Esq., hereby removes the above-entitled action from the Superior Court of New Jersey, Law Division, Camden County, New Jersey to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. Sections 1332, 1441 and 1446.

139813-1

In support of this Notice of Removal, Defendant states:

1. On February 3, 2005, William Pollen, M.D., a Pro Se Plaintiff filed a Verified Complaint in the Superior Court of New Jersey, Law Division, Camden County, New Jersey. The Complaint alleges legal malpractice against Neal Comer, Esq., as well as various allegations against others. A copy of the Verified Complaint is annexed hereto as Exhibit A.

2. Defendant, Neal Comer, Esq., is an attorney practicing at 445 Hamilton Avenue, Suite 604, White Plains, New York 10601.

3. The United States District Court for the District Court of New Jersey has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because it arises between citizens of different states and the amount of controversy is in excess of $75,000, exclusive of interest and costs.

4. Defendant, Neal Comer, Esq., first received a copy of the initial pleading in this action, through service or otherwise, no earlier than February 26, 2005.

5. As of this date, Defendant, Neal Comer, Esq., has not filed a responsive pleading in this action commenced by the Pro Se Plaintiff in the Superior Court of New Jersey, Law Division, Camden County, and no other proceedings have transpired in that action.

WHEREFORE, Defendant, Neal Comer, Esq., prays that the above captioned matter, now pending against him, as well as others, in the Superior Court of New Jersey, Law Division, Camden County, be removed therefrom to the United States District Court for the District of New Jersey.

GRAHAM CURTIN & SHERIDAN, P.A.
Attorneys for Defendant
Neal Comer, Esq.

By: _____
CHRISTOPHER J. CAREY (CC2300)

Dated: March 22, 2005

139813-1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused to be served by Federal Express a copy of the within Notice Of Removal, pursuant to 28 U.S.C. §1446, upon:

>William Pollen, M.D.
>c/o Norman Robbins
>568 Amboy Avenue
>Woodbridge, NJ 07095
>
>Clerk, Camden County
>Superior Court of New Jersey
>Hall of Justice
>101 S. 5th Street
>Camden, NJ 08103-4001

_____
CHRISTOPHER J. CAREY (CC2300)

Dated: March 22, 2005

139813-1

# EXHIBIT A

% N. Robbins
568 Amboy Avenue
Woodbridge, N.J. 07095
Plaintiff, Pro Se

LAW DIVISION; CAMDEN COUNTY
Docket No.

Civil Action

WILLIAM POLLEN, M.D.,

          Plaintiff,

VERIFIED COMPLAINT and DEMAND
FOR TRIAL BY JURY

vs

NEAL COMER, ESQ., DAVID YOUNG, ESQ.,
DENYS COLE, and PETER RITTER, ESQ.,

          Defendants.

SUPERIOR COURT OF NJ
2005 FEB -3
RECEIVED

Plaintiff, William Pollen, M. D. having an address, for this matter, at 568 Amboy Avenue, Woodbridge., Middlesex County, New Jersey, % Norman Robbins, complaining of the defendants says:

### FIRST COUNT

1. At all times mentioned herein, defendant, NEAL COMER, ESQ. ( hereinafter "Comer" ) was, and is an attorney at law, having an office at 81 Main Street, White Plains, Westchester County, New York, and who is or was licensed and/or authorized to practice law in the State of New York, and in Federal Courts, including the United States District Court for the District of New Jersey.

2. Commencing on or about January 1978, and continuing at various times until 1999, Plaintiff retained Comer, and Comer agreed to such representation, as an attorney, to represent and defend the Plaintiff in criminal and civil matters in the Federal District Courts of New Jersey by the United States Attorney's Office, and/or by the United States Internal Revenue Service. Comer agreed to represent the plaintiff, and did appear in New Jersey courts on behalf of the plaintiff, at various times until 1999.

1

3. Plaintiff was charged with evasion of income taxes, and other charges, which charges resulted in assets of the Plaintiff being seized by the I.R.S and U.S Attorney's Office, and turned over to a court-appointed receiver. The assets were liquidated, and the proceeds were to be applied for the benefit of the plaintiff, for payment of back taxes, penalties, interest and fines. In fact, the U.S. Attorney and/or the I.R.S. erroneously calculated the amounts of taxes due, and failed to give credit against the taxes claimed to be due from the Plaintiff for the base value of assets which were seized and liquidated, resulting in calculations of income and taxes due which were higher than they should have been. Also, the government prosecutors failed to supply necessary information on the amounts claimed due, and on the method and basis of their calculations of taxes allegedly due from the Plaintiff, resulting in the inability of the Plaintiff to properly explain or defend his actions. Partly as a result of the larger amounts claimed due from the Plaintiff, he was sentenced to terms of incarceration for longer periods than if the amounts allegedly due had been properly calculated and established.

4. Defendant, Comer was negligent and/or willfully failed to act, in his legal representation of the Plaintiff, as follows: :

(a) He failed to ascertain the amounts collected by the government from the sale of Plaintiff's seized assets, including real estate, jewelry, gold coins and bullion, and accounts receivable, which the government accounted for only by way of codes known only to the government;

(b) He failed to obtain the basis and explanation of the various codes used by the government so that their calculations could be examined and possibly countered;

(c) He failed to apply to the Court to compel the appointed receiver, and/or the I.R.S. to report and pay over to the Plaintiff's his liquidated assets in a proper manner so as to minimize or eliminate the imposition of additional taxes and additional alleged tax delinquencies.

2

(d) He failed or refusing to use assets belonging to the Plaintiff which had not been seized, and which were available to Comer under a Power of Attorney and through other means and sources, to pay taxes, interest, penalties and/or fines imposed on the Plaintiff, thus resulting in the further incarceration of the Plaintiff for alleged willful refusal to pay a fine;

(e) He failed to inform the Plaintiff that the court-appointed receiver of the Plaintiff's assets was not going to file tax returns for the Plaintiff for the income produced by the liquid-ation of Plaintiff's assets, (but only tax returns for himself as fiduciary), so that the Plaintiff did not file tax returns for certain years, thus causing further tax evasion charges being filed against the Plaintiff, with resulting additional incarceration, penalties interest and fine.

(f) At the time Comer agreed to, and did thereafter represent the Plaintiff, he was also representing, as attorney, the co-defendant, David Young, whose interests were in conflict with those of the Plaintiff's, without informing the Plaintiff of the dual representation, to the continuing detriment of the Plaintiff, and in violation of the Rules of Ethics and Rules of Procedure, and in violation of the rights and best interests of the Plaintiff.

(g) In other ways Comer negligently failed, or willfully refused to carry out his responsibilities as attorney and legal representative of the Plaintiff in a proper manner, and also refused to take actions requested by the Plaintiff, which would have benefited the Plaintiff, and/or preserved his assets, and/or which would have prevented further incarceration of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the defendant, Neal Comer, Esq. for compensatory and/or punitive damages for his negligence, and/or his willful failures to act in representing the plaintiff, as attorney and as Plaintiff's attorney-in-fact, . plus interest and costs of suit, and counsel fees if appropriate. .

## SECOND COUNT

3

1. Plaintiff repeats each and every allegation of the First Count and incorporates them herein as if fully set forth.

2. During the period of Comer's representation of the Plaintiff in the various matters, Comer solicited and obtained a Power of Attorney and, on information and belief, other forms of authorization, allowing Comer to set up various bank accounts with Plaintiff's assets, from which Comer was to pay certain bills and obligation of the Plaintiff, to conform with the requirement of the Plaintiff to pay subsequent taxes, fines, restitution, and expenses. Comer paid some taxes and expenses, but then, on information and belief, liquidated or otherwise closed or transferred the accounts for his own benefit, contrary to the express instructions of the Plaintiff. Comer failed or willfully refused to obtain funds belonging to the Plaintiff, which Plaintiff believes were readily available to Comer to pay a $75,000.00 fine imposed on the Plaintiff in 1991, in a criminal matter in which Comer represented the Plaintiff, despite Plaintiff's specific request and instructions, which resulted in the Plaintiff being incarcerated for 11 months for willful refusal to pay the fine. In addition, Comer used $5,000.00 belonging to the Plaintiff to pay an attorney engaged by Comer to represent himself (Comer) when he testifed in Court at a hearing on the Plaintiff's failure to pay a fine.

WHEREFORE, plaintiff demands judgment against defendant, Comer, for an accounting of all funds or assets given, received, or transferred to Comer from any source, and all sums paid by Comer, which belonged to the Plaintiff, or were to be used for the benefit or purposes of the Plaintiff, or his family, at any time from Comer's initial representation of the Plaintiff, to the present day, showing all checks, receipts wire transfers or documents of any kind of receipts and expenditures, including accrued interest, showing full identification of sources of receipts and identities and locations of payees, with proof of alleged payments, and indicating the authorization for all payments made on behalf of the Plaintiff.

4

## THIRD COUNT

1. Plaintiff repeats each and every allegation of the First and Second Counts and incorporates them herein as if fully set forth.

2. Plaintiff obtained full, free and clear ownership, in his own name, of a vacant parcel of waterfront land in the Blue Basin section of the island of Grand Bahama, British West Indies. While being represented by the defendant, Comer, and while Plaintiff was incarcerated, Comer repeatedly urged the Plaintiff to sell the property, but the Plaintiff refused, giving specific instructions to Comer not to sell the property. The present value of the said land is estimated to be in excess of $100,000.

3. On information and belief, Comer induced the Plaintiff to execute a Power of Attorney to allow the property to be sold, and it was, in fact sold to an adjacent property owner, one Mike Hamilton, without the Plaintiff's knowledge and against Plaintiff's specific instructions. Comer eventually informed the Plaintiff that the property had been sold, purportedly for $25,000., but Plaintiff has not received any money or consideration of any kind from the sale. On information and belief, the sale and transfer of ownership of the said property was made, or arranged, or permitted by defendant, Comer, who, on information and belief, converted the Plaintiff's assets without Plaintiff's consent and without compensation to the Plaintiff.

WHEREFORE, Plaintiff demands compensatory and punitive judgment against the defendant, Comer, for his willful conversion of Plaintiff's property, in an amount equal to the present value of the land, plus interest, plus punitive damages for the conversion, plus interest and costs of suit.

## FOURTH COUNT

1. Plaintiff repeats each and every allegation of the First, Second and Third Counts, and

5

incorporates them herein as if fully set forth

2. Defendant, Denys Cole, (hereinafter "Cole"), was, at all times herein a Chartered Accountant, and partner in the accounting firm of Blease Lloyd, located at Pemberton, London, England. Defendant, David Young, Esq., (hereinafter "Young"), was, on information and belief, at the times referred to herein, an attorney at law licensed by the State of Florida, , who was also a financial consultant for, (or a principal or owner of) Moninvert Company, located at 35 Eschnerstrasse, Bendern, in the European country of Liechtenstein. Defendant, Peter Ritter is, or was an attorney in Liechtenstein, who was a principal officer of a corporation formed by the defendants, or some of them, under the name of Becker Trust.

3. On or about 1981, and thereafter, Plaintiff retained Young as an attorney and advisor for the investment and management of Plaintiff's funds in Uruguay, South America, Switzerland and in Liechtenstein. In addition, and on the advice and recommendation of Young, Plaintiff engaged defendant, Cole, to serve as Plaintiff's accountant, and to form a corporation to hold title to a 52 foot sailboat, valued at $1.25 million, which was built for the Plaintiff by Southampton Yacht Services in Southampton, England. On advice from defendants Cole, Young and Comer, (to whom the Plaintiff had been referred to represent him, and who was working with Young on Plaintiff's matters in the United States,) a corporation named "Sea Venture" was formed, in or about January, 1983, and title to the sailboat was placed in the Sea Venture corporation. Management of the construction and payments were made, through Young to Cole to the ship builder, Southampton Yacht Service, from funds given to Young by the Plaintiff. The boat was named "Une Femme Tres Serieuse".

4. These defendants, or one or more of them fraudulently induced the Plaintiff to sign Powers of Attorney and/or other authorizations, and or forged or otherwise fraudulently issued documents of ownership of the sailboat and changed the name to KIVU and transferred

6

Cole compelling them to supply an accounting of all assets of the Plaintiff's received by them at any time, and detailing the disposition of those assets, and the location of the assets or the proceeds of the disposition of the assets, and then entering judgment against them, jointly or severally, for the amount of all such assets of the Plaintiff's received by any of them, but never given to the Plaintiff, together with interest, costs of suit, punitive damages, and legal fees and costs, if appropriate.

Dated: Jan 26, 2005

_____
WILLIAM POLLEN, M.D.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury as to all issues.

Dated: 1/26, 2005

_____
WILLIAM POLLEN, M.D.

### VERIFICATION OF COMPLAINT

I certify that the statements in the foregoing complaint are true to the best of my own knowledge, information and belief. I am aware that if any of the statements made in the above complaint are willfully false, I am subject to punishment.

Dated: 1/26, 2005

_____
WILLIAM POLLEN, M.D.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, William Pollen, M.D., Pro Se, is designated as trial counsel for the plaintiff, subject to change and or substitution on property notice to all concerned parties. and the Court.

### CERTIFICATION UNDER RULE 4:5-1

The matter in controversy is not the subject of any other action pending in any other court or

· 8 ·

of a pending arbitration proceeding. No other action or arbitration proceeding is contemplated in this court. There are no other parties presently known to me who should be joined in the above action at this time.

Dated: 1/16/2005

X *William Pollen*
WILLIAM POLLEN, M.D.

9

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: CK  CG  CA
CHG / CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

**ATTORNEY/PRO SE NAME:** WILLIAM POLLEN, M.D. Pro Se
**TELEPHONE NUMBER:** (732) 500-8312
**COUNTY OF VENUE:** CAMDEN
**FIRM NAME (if applicable):**
**DOCKET NUMBER (When available):** CAM-
**OFFICE ADDRESS:** c/o NORMAN ROBBINS, ESQ. 568 AMBOY AVENUE WOODBRIDGE, NJ 07095
**DOCUMENT TYPE:**
**JURY DEMAND:** ☒ YES ☐ NO

**NAME OF PARTY (e.g. John Doe, Plaintiff):** WILLIAM POLLEN, M.D. (Pro Se)
**CAPTION:** WILLIAM POLLEN, M.D.; Plaintiff vs. NEAL COMER, ESQ, DAVID YOUNG, ESQ, DENYS COLE, and PETER RITTER, ESQ. Jo Condrete

**CASE TYPE NUMBER:** 607
**IS THIS A PROFESSIONAL MALPRACTICE CASE?** ☒ YES ☐ NO
IF YOU HAVE CHECKED "YES", SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?** ☐ YES ☒ NO  IF YES, LIST DOCKET NUMBERS:

**DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?** ☐ YES ☒ NO

**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN:** ☐ NONE ☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES ☐ NO
IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☒ OTHER (explain) attorney client
☐ FAMILIAL ☒ BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

SUPERIOR COURT LAW DIVISION
2005 FEB -3 AM 10:37
RECEIVED

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☐ YES ☒ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

**WILL AN INTERPRETER BE NEEDED?** ☐ YES ☒ NO
IF YES, FOR WHAT LANGUAGE:

**ATTORNEY SIGNATURE:** Plaintiff, Pro Se - William Pollen (Pro Se)

Revised effective 10/1/02