IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WILLIAM POLLEN,

                    Plaintiff,

          v.

NEAL COMER, et al.

                    Defendants.

HON. JEROME B. SIMANDLE

Civil No. 05-1656 (JBS)

**OPINION**

APPEARANCES:

Mr. William Pollen
#243 4057 Route 9 North
Howell, NJ 07731
     Plaintiff pro se

Christopher J. Carey, Esq.
Patrick B. Minter, Esq.
William D. Tully, Jr., Esq.
GRAHAM, CURTIN & SHERIDAN, P.A.
4 Headquarters Plaza
P.O. Box 1991
Morristown, NJ 07962-1991
     Attorneys for Defendant Neal Comer

**SIMANDLE**, District Judge:

     Plaintiff Dr. William Pollen, pro se, filed this action in

2005, alleging that between 1991 and 1999, his attorneys engaged

in a conspiracy to defraud him of millions of dollars' worth of

assets that resulted, inter alia, in Plaintiff being convicted

for tax evasion and other charges.  Defendant Neal Comer[1] moved

for summary judgment on the majority of Plaintiff's claims, and

_____

     [1]  Plaintiff filed this action against three other
defendants, none of whom have filed a responsive pleading in this
matter.

in its June 27, 2007 Opinion and Order (<u>Pollen I</u>), the Court
granted Defendant Comer's motion in its entirety.

Presently before the Court are Plaintiff's motion for
reconsideration of the Court's decision granting summary judgment
on Count One of the Complaint [Docket Item 87], and Defendant
Comer's unopposed motion for summary judgment as to Plaintiff's
remaining claims [Docket Item 85].  For the following reasons,
the Court will deny Plaintiff's motion for reconsideration and
grant Defendant Comer's motion for summary judgment.

I.    **BACKGROUND**

A.    **Facts and Allegations**

As the Court noted in its June 2007 Opinion, although this
case was filed more than three years ago and the discovery period
closed in July 2006, the facts underlying Plaintiff's claims are
"far from fully developed."  <u>Pollen v. Comer</u>, 05-1656, 2007 WL
1876489, at *1 (D.N.J. June 27, 2007).  According to the
Complaint, in 1978, Plaintiff retained Defendant Comer, an
attorney, to represent him in unspecified civil and criminal
matters, and Comer continued to represent Plaintiff on a variety
of legal matters until 1999.  (Compl. ¶ 2.)  In the late 1980s or
early 1990s, Plaintiff was charged with tax evasion, as a result
of which the Internal Revenue Service ("I.R.S.") and United
States Attorney's Office seized certain assets belonging to
Plaintiff and turned them over to a court-appointed receiver.

2

(<u>Id.</u> at ¶ 3.)   According to Plaintiff, these assets were to be liquidated in order for the proceeds to be applied to the payment of Plaintiff's back taxes, penalties, and fines, but as a result of the I.R.S.'s and U.S. Attorneys's "erroneous[]" calculations, Plaintiff was sentenced to a longer term of imprisonment than he deserved.  (<u>Id.</u>)

The crux of Plaintiff's legal malpractice claim is that as a result of the defendants' negligent or intentionally conspiratorial conduct, Plaintiff lost nearly all of his assets and was incarcerated for a longer period than necessary. Specifically, Plaintiff alleges that Defendant Comer: failed to obtain sufficient information from the Government pertaining to Plaintiff's unpaid taxes and seized assets, (<u>id.</u> at ¶ 4(a)-(b)); failed to "apply to the Court to compel the [court-] appointed receiver . . . to report and pay . . . [to] Plaintiff[] his liquidated assets in a proper manner so as to minimize or eliminate the imposition of additional taxes," (<u>id.</u> at ¶ 4(c)); represented co-Defendant David Young, Esq., "whose interests were in conflict with those of Plaintiff," at the same time he represented Plaintiff, in violation of certain "Rules of Ethics and Rules of Procedure," (<u>id.</u> at ¶ 4(f)); and "[i]n other ways . . . negligently failed, or willfully refused to carry out his responsibilities as attorney and legal representative of Plaintiff."  (<u>Id.</u> at ¶ 4(g).)

3

Most importantly for purposes of Plaintiff's motion for reconsideration, Plaintiff's Complaint also alleges that Defendant Comer

> failed or refus[ed] to use assets belonging to the Plaintiff which had not been seized, and which were available to Comer under a Power of Attorney and through other means and sources, to pay taxes, interest, penalties and/or fines imposed on the Plaintiff, thus resulting in the further incarceration of the Plaintiff for [his] alleged[ly] willful refusal to pay a fine.

(Id. at ¶ 4(d).)  Though not especially clear from the face of the Complaint or Plaintiff's submissions in opposition to Comer's first motion for summary judgment, this allegation apparently relates to the Government's 1999 charge against Plaintiff that Plaintiff had violated the terms of his supervised release by failing to pay restitution and fines associated with his tax evasion sentence.  (Pl.'s Opp'n Br. Ex. 18 at 2.)  Plaintiff was incarcerated for an additional eleven months in 1999 as a result of this willful violation of the terms of his supervised release. (Pollen Cert. ¶ 23.)

Plaintiff alleges that this 1999 incarceration is traceable to Comer's malpractice.  According to Plaintiff, in March of 1999, he directed Defendant Comer to fly to Europe to secure from Defendant Young certain funds, which were purportedly in Young's possession but to which Comer had access as a result of a power of attorney agreement signed by Plaintiff, in order to pay the fines associated with Plaintiff's tax evasion sentence.  (Pollen

4

Cert. ¶ 28; Compl. ¶ 4(d).)  Plaintiff alleges that Comer never
obtained the funds, that the fines were never paid, and that
Plaintiff thus spent eleven additional months in prison as a
result of Comer's malpractice.  (Id.)  Plaintiff was sentenced to
this additional term of imprisonment at a hearing before United
States District Judge Joseph H. Rodriguez on October 28, 1999,
and at that hearing, Comer testified that he did not secure the
funds in question from Young because Young did not possess or
control any funds or assets belonging to Plaintiff.  (Pl.'s Opp'n
Br. Ex. 11 at 16, 22-23.)  Plaintiff has not submitted any
evidence of the existence of either the power of attorney
agreement or the funds to which Comer allegedly had access.

In addition to Plaintiff's malpractice claims, the Complaint
asserted two claims of unlawful conversion, alleging that the
defendants fraudulently obtained and sold Plaintiff's title to a
piece of waterfront property Plaintiff owned on the island of
Grand Bahama in the British West Indies, as well as a fifty-two
foot sailboat valued at $1.25 million.  (Compl. Count III, ¶¶ 2-
3, Count IV, ¶¶ 3-4.)

   **B.   Procedural History**

      1.   The June 2007 Opinion and Order

On October 10, 2006, Comer moved for summary judgment on the
First, Third and Fourth Counts of the Complaint, and in Pollen I,
the Court granted Comer's motion in its entirety.  With regard to

the legal malpractice claims asserted in Count One of the
Complaint, the Court held that several of these claims were time-
barred, several failed on account of Plaintiff's failure to
submit any evidence suggesting that Comer's alleged malpractice
caused Plaintiff's injuries, and that Plaintiff's final
malpractice claim for Comer's alleged violation of the "Rules of
Ethics and Rules of Procedure" failed to state a cause of action.
Pollen I, 2007 WL 1876489, at *8-*10.  First, on the statute of
limitations issue, the Court explained that

> [l]egal malpractice claims are governed by the six-year
> statute of limitations established in N.J. Stat. Ann.
> 2A:14-1. See Grunwald v. Bronkesh, 131 N.J. 483, 487
> (1993); Lanziano v. Cocoziello, 304 N.J. Super. 616,
> 621-22 (App. Div. 1997).  This six-year statute of
> limitation period begins to run when a plaintiff first
> suffers damages and then discovers -- or through the use
> of reasonable diligence should have discovered -- the
> facts essential to their malpractice claim.  See
> Lanziano, 304 N.J. Super. at 621.

Pollen I, 2007 WL 1876489, at *7.  Plaintiff filed this action on
February 3, 2005, making his malpractice claims that accrued
before February 3, 1999 untimely.  The Court held that
Plaintiff's malpractice claims addressing Comer's alleged
misconduct regarding both Plaintiff's 1991 sentencing and Comer's
dealings with the count-appointed receiver accrued before
February 3, 1999 and were barred by the statute of limitations.
Id. at *8.  Additionally – and significantly for purposes of
Plaintiff's motion for reconsideration – the Court likewise held
that the claim in Paragraph 4(d) of the Complaint alleging

6

Comer's failure "to use assets belonging to the Plaintiff . . . to pay taxes, interest, penalties and/or fines" was untimely because Plaintiff knew of Comer's alleged misconduct prior to February 3, 1999.  Id.

With regard to Plaintiff's remaining malpractice claims, the Court granted Comer's motion for summary judgment, holding that Plaintiff had failed to present evidence indicating that his injuries were proximately caused by Comer's alleged misconduct. Id. at *9.  The Court explained that

> in a legal malpractice claim it is the plaintiff's burden to prove, by a preponderance of "competent credible evidence" that injuries were suffered as a proximate consequence of the attorney's breach of duty. [Lieberman v. Employers Ins. of Wausau, 84 N.J. 325, 342 (1980).] Plaintiff has failed to do so with respect to these remaining malpractice claims.  At best, Plaintiff, through his Certification, has presented conjecture and speculation as to how Comer's actions (or inactions) caused his claimed damages.  Evidence that is made up of "conjecture, surmise or suspicion" fails to satisfy Plaintiff's burden of proof.  See [2175 Lemoine Ave. Corp. v. Finco, Inc., 272 N.J. Super. 478, 488 (App. Div. 1994)].

Pollen I, 2007 WL 1876489, at *9.  The Court thus granted Comer's motion for summary judgment on Plaintiff's remaining malpractice claims.  The Court also held that Comer was entitled to summary judgment on Plaintiff's conversion claims, finding that the claim alleging conversion of Plaintiff's sailboat was time-barred and that the claim alleging conversion of Plaintiff's real property failed because Plaintiff had failed to adduce evidence suggesting

7

either "that Plaintiff owned the land in question [or] that Comer had any role in its conversion."   Id. at *11-*12.

Finally, the Court observed that Comer had not moved for summary judgment on Counts Two and Five of the Complaint, in which Plaintiff sought the equitable relief of an accounting. The Court thus afforded "Comer an opportunity to file a second motion for summary judgment as to these two claim if he chooses." Id. at *12 n.9.

## 2.   Subsequent Motion Practice

On July 12, 2007, Plaintiff filed the motion for reconsideration presently before the Court, which Comer has opposed.  Also on July 12, 2007, Comer filed his second motion for summary judgment on Plaintiff's claims in Counts Two and Five to compel an accounting.  Plaintiff did not file any opposition to Comer's second motion for summary judgment, and in a letter dated August 10, 2007 [Docket Item 90], Comer informed Plaintiff and the Court that the deadline for Plaintiff to file his opposition had expired and that, accordingly, Comer would not be filing a reply in further support of his motion.  Plaintiff did not respond to Comer's August 10, 2007 letter, nor has he submitted any opposition to Comer's motion for summary judgment.

## II.   DISCUSSION

### A.   Motion for Reconsideration

Plaintiff's motion for reconsideration focuses exclusively on the Court's holding in Pollen I that Plaintiff's malpractice claim relating to Comer's alleged failure to obtain funds to pay Plaintiff's penalties and fines was barred by the statute of limitations.  Defendant has opposed Plaintiff's motion, arguing that Plaintiff has failed to identify a clear error of law in Pollen I.

Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the Court's review of Plaintiff's motion for reconsideration.  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  To prevail on a motion for reconsideration, the movant must show either

> (1) an intervening change in the controlling law; (2) the
> availability of new evidence that was not available when

9

the court . . . [rendered the judgment in question]; or
(3) the need to correct a clear error of law or fact or
to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d
669, 677 (3d Cir. 1999).

The Court agrees with Plaintiff that its finding regarding
the timeliness of the malpractice claim contained in Paragraph
4(d) of the Complaint was in error.  In Pollen I, the Court held
that the malpractice claim associated with Comer's alleged
failure to use certain funds available to him under a power of
attorney signed by Plaintiff to pay Plaintiff's penalties and
fines was time-barred.  Pollen I, 2007 WL 1876489, at *8.  The
Court found that Plaintiff had known of Comer's alleged failure
to access these funds before February 3, 1999, and, because under
New Jersey law the six-year statute of limitations on a legal
malpractice claim begins to accrue when a plaintiff suffers
damages and discovers (or should have discovered) facts essential
to that claim, Lanziano, 304 N.J. Super. at 621, Plaintiff's
claim was found untimely.  Pollen I, 2007 WL 1876489, at *8.

Plaintiff correctly argues in support of his motion for
reconsideration that, with regard to the specific claim for
malpractice contained in Paragraph 4(d) of the Complaint, he had
not suffered "[l]egally-cognizable damages" prior to February 3,
1999, Grunwald, 131 N.J. at 464, which means that the claim would
not be time-barred.  Comer's failure to pay Plaintiff's fines –

10

the specific conduct underlying the malpractice claim in
Paragraph 4(d) – could not have occurred prior to February 3,
1999, because, as Plaintiff alleged in his certification in
opposition to Comer's first motion for summary judgment,
Plaintiff did not instruct Comer to obtain those funds until
March of 1999.  (Pollen Cert. ¶ 28; Pl.'s Br. Ex. 11 at 11-12.)
Plaintiff allegedly became aware of Comer's failure to obtain the
funds sometime between March of 1999, when Comer was instructed
to obtain the funds, and October 28, 1999, when Plaintiff was
sentenced to eleven months' imprisonment for violating the terms
of his supervised release.  (Pl.'s Br. Ex. 11 at 71.)  Because
the alleged malpractice that forms the basis of Plaintiff's claim
in Paragraph 4(d) of the Complaint did not occur until after
February 3, 1999, the Court agrees with Plaintiff that its
decision finding the claim time-barred was in error.

Notwithstanding this error regarding the timeliness of
Plaintiff's claim, the Court will uphold its decision to grant
Comer's motion for summary judgment on separate grounds.  In
Pollen I, the Court held that Comer was entitled to summary
judgment on those malpractice claims that were not time-barred
because Plaintiff had not presented "'competent credible
evidence' that [his] injuries were suffered as a proximate
consequence of . . . [Comer's] breach of duty."  Pollen I, 2007
WL 1876489, at *9 (quoting Sommers v. McKinney, 287 N.J. Super.

1, 10 (App. Div. 1996)).  Reasoning that in the summary judgment context "[i]t is not enough for a non-movant to 'replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit,'" Pollen I, 2007 WL 1876489, at *6 (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)), the Court found that Plaintiff's failure to present evidence showing that Comer's alleged acts of malpractice were the proximate cause of Plaintiff's damages warranted the entry of summary judgment in Comer's favor.  Pollen I, 2007 WL 1876489, at *9.

Based on similar evidentiary shortcomings, the Court will uphold its decision granting summary judgment to Comer on the claim contained in Paragraph 4(d) of the Complaint.  See Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985) (a plaintiff must do more than rely only "upon bare assertions, conclusory allegations or suspicions" in opposing defendant's motion for summary judgment).  To prove a claim for attorney malpractice, a plaintiff must establish: (1) the existence of an attorney-client relationship; (2) that the attorney breached the duty he owed to the client; (3) that the breach was the proximate cause of the client's damages; and (4) that actual damages were incurred.  See Sommers, 287 N.J. Super. at 9-10.  "The client bears the burden of proving by a preponderance of competent credible evidence that injuries were suffered as a proximate consequence of the attorney's breach

of duty.  This burden is not satisfied by mere conjecture, surmise or suspicion." Id. at 10 (emphasis added, internal quotations and citations omitted); see also Lawson v. Nugent, 702 F. Supp. 91, 92 (D.N.J. 1988).

Plaintiff's claim that Comer committed malpractice by "fail[ing] . . . to use assets belonging to the Plaintiff . . . which were available to Comer under a Power of Attorney" to pay fines related to his tax evasion sentence, (Compl. ¶ 4(d)), like the other malpractice claims the Court dismissed in Pollen I, is not supported by any evidence in the record.  Apart from the conclusory allegations in Plaintiff's Certification,[2] the record is bereft of admissible evidence suggesting either that Comer breached a duty that he owed to Plaintiff or that Plaintiff's 1999 incarceration for violating the terms of his supervised release is traceable to any conduct attributable to Comer. Plaintiff claims that Comer negligently failed to pay Plaintiff's fines with particular funds over which Comer had a power of

_____

[2]  As the Court explained in Pollen I, "[t]here are a number of reasons why this Court should not consider Plaintiff's Certification in deciding Comer's motion," including the fact that "Plaintiff mixes legal arguments into the Certification and includes numerous speculative and conjectural statements that are inappropriate for the Court's consideration in opposition to this motion for summary judgment." Pollen I, 2007 WL 1876489, at *6. As in Pollen I, the Court considers the facts at issue in Plaintiff's Certification only where they "are actually facts rather than mere allegations or speculative statements." Id.; see also Lujan, 497 U.S. at 888; Williams v. Borough of West Chester, 891 F.2d 458, 471 (3d Cir. 1989).

13

attorney, yet there is no evidence in the record suggesting that
either the power of attorney agreement or the particular funds in
question existed.  Plaintiff draws the Court's attention to
Comer's testimony at the October 28, 1999 hearing on Plaintiff's
violation of the terms of his supervised release, arguing that
Comer's "lie[s] . . . under oath" are evidence of his
malpractice.  (Pollen Cert. ¶ 25.)  However, Comer's testimony
does not suggest that he negligently failed to access the funds
in question, but instead indicates that the funds did not exist.
(Pl.'s Opp'n Br. Ex. 11 at 16, 22-23.)  Plaintiff has failed to
come forward with evidence, in opposing Comer's motion, that any
such funds actually existed and were available to Plaintiff or
his attorney.  The mere allegation in Plaintiff's Certification
that Comer lied in 1999 when testifying to the nonexistence of
the funds does not serve to create a question of material fact as
to whether the funds existed or whether Comer negligently failed
to access them.  Absent evidence from which a reasonable jury
could conclude both that the funds existed and that Comer
controlled access to the funds, this claim must fail.

As the Court explained in Pollen I, "[a]t best, Plaintiff,
through his Certification, has presented conjecture and
speculation as to how Comer's actions (or inactions) caused his
claimed damages."  Pollen I, 2007 WL 1876489, at *9.  Even if
such Pollen funds existed in a foreign account, Pollen has not

14

produced evidence that his attorney actually had legal authority
and control over his funds.  Finally, Pollen's opposition
arguments do not contain evidence that Pollen himself could not
pay his financial obligations from such funds during the months
leading to his October, 1999 hearing before Judge Rodriguez.
Thus, no reasonable jury could find for Plaintiff on the
essential element of causation.  Accordingly, while the Court
agrees with Plaintiff that it erred in holding that the claim for
malpractice in Paragraph 4(d) of the Complaint was untimely,
Comer is nonetheless entitled to summary judgment as to that
claim on the separate grounds described above.  The Court will
thus deny Plaintiff's motion for reconsideration.

**B.  Motion for Summary Judgment**

In Pollen I, the Court granted Comer's motion for summary
judgment as to Counts One, Three, and Four of the Complaint, and
because Comer had not moved for summary judgment on Counts Two
and Five, afforded him the opportunity to move for summary
judgment on those remaining claims, which seek the equitable
relief of an accounting.  Id. at *12 n.9.  Comer subsequently
moved for summary judgment as to Plaintiff's remaining claims
[Docket Item 85].  After Plaintiff failed to timely file a brief
in opposition to Comer's motion, Comer informed Plaintiff and the
Court in a letter dated August 10, 2007 that the deadline for
Plaintiff to file his opposition had expired [Docket Item 90].

In the months since Comer filed his second motion for summary judgment and letter acknowledging Plaintiff's non-response, Plaintiff has neither opposed nor addressed Comer's motion in his submissions to the Court.

On a motion for summary judgment, the Court must determine whether "there is no genuine issue as to any material fact and that the moving party is entitled to judgment of law." Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999) (citing Fed. R. Civ. Proc. 56(c)). A party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Country Floors v. Partnership of Gepner and Ford, 930 F.2d 1056, 1061-63 (3d Cir. 1991). However, where the nonmoving party bears the burden of persuasion at trial, as plaintiff does in the present case, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. While pro se pleadings are given a "liberal construction," Stevenson v. Carroll, 495 F.3d 62, 71 (3d Cir. 2007), a pro se

16

plaintiff is not relieved of the burden to submit evidence in opposition to a motion for summary judgment to demonstrate that he is entitled to the relief he seeks.  See, e.g., Venner v. Delran Tp., No. 05-2480, 2007 WL 201148 (D.N.J. Jan. 22, 2007).

In his motion for summary judgment on the remaining claims in the Complaint, Comer argues that Plaintiff has failed to establish that he is entitled to an order compelling an accounting.  Comer notes that an order compelling an accounting is warranted only where it has been shown, inter alia, that the account in question is of a particularly "complicated nature" and that there is a justifiable need for such discovery.[3]  Borough of Kenilworth v. Graceland Memorial Park Ass'n, 199 A. 716, 717 (N.J. Ch. 1938).  In light of the unopposed nature of Comer's motion, the Court agrees with Comer's "'showing' . . . that there is an absence of evidence" demonstrating either the complicated

---

[3]  Comer presents a variety of additional arguments in support of his motion, including arguments based on the equitable doctrines of unclean hands, laches, and waiver.  Comer further argues that Plaintiff is not entitled to an order compelling an accounting because such equitable relief is merely incidental to the principal claims in the case, as to which summary judgment has already been entered.  See Burdick v. Grimshaw, 168 A. 186, 192 (N.J. Ch. 1933) (holding in context of motion to compel an accounting that "where discovery is sought as a mere incident to some other main relief, and if the principal relief is denied, the suit must be dismissed") (citation omitted); see also Farbenfabriken Bayer, A.G. v. Sterling Drug Inc., 197 F. Supp. 613, 626 (D.N.J. 1961).  In light of the unopposed nature of Comer's motion and Plaintiff's failure to present evidence establishing that he is entitled to the relief he seeks, the Court declines to address these arguments.  Celotex Corp., 477 U.S. at 325.

17

nature of the accounts in question or the needs justifying such discovery.  Celotex Corp., 477 U.S. at 325.  Plaintiff has had ample opportunity to put such evidence forward in order to oppose Comer's motion, and was specifically notified of the pendency of that motion in Comer's August 10, 2007 letter, but has still failed to prove that he is entitled to the relief asserted in Counts Two and Five of the Complaint.  The Court will accordingly grant Comer's motion for summary judgment as to Counts Two and Five of the Complaint.

## III. CONCLUSION

For the explained above, the Court will deny Plaintiff's motion for reconsideration and grant Comer's motion for summary judgment in Comer's favor on the remaining claims against him in Counts Two and Five.  The accompanying Order will be entered.


**March 10, 2008**                                     **s/ Jerome B. Simandle**
Date                                                   JEROME B. SIMANDLE
                                                       United States District Judge

18