[Doc. Nos. 93, 96]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WILLIAM POLLEN, <br><br>       Plaintiff, <br><br>   v. <br><br> NEAL COMER, et al., <br><br>       Defendants. | Civil No. 05-1656 (JBS) |

## ORDER

This matter comes before the Court by way of motion [Doc. No. 93] of Plaintiff Pro Se, William Pollen, seeking leave to file an amended complaint, to join additional defendants, and to obtain default judgment against Defendant Denys Cole; and by way of separate motion [Doc. No. 96] of Plaintiff seeking leave to join Blease Lloyd Associates (hereinafter, "Blease Lloyd") and Denys Cole (hereinafter, "Cole"), an Associate of Blease Lloyd, to this action and to assert a damage claim against these proposed parties. The Court has reviewed the submissions of the parties, and has considered this matter pursuant to FED. R. CIV. P. 78. For the reasons that follow and for good cause shown, Plaintiff's motion [Doc. No. 93] is denied in part, denied without prejudice in part, and dismissed without prejudice in part, and Plaintiff's motion [Doc. No. 96] is denied.

The facts of this case were set forth at length in the

District Court's Opinions dated June 28, 2007 and March 10, 2008.
As such, only those facts relevant to the instant motion are set
forth herein.  On September 28, 2007, this Court entered an Order
granting in part and denying in part Plaintiff's prior motion for
leave to file an amended complaint and for joinder of additional
defendants.  In that motion, Plaintiff sought to join Blease Lloyd
and Cole as defendants.  (Order dated September 28, 2007, at 1.)
However, because Plaintiff did not include any proposed claims
against Blease Lloyd in his proposed amended complaint, the motion
to join Blease Lloyd as a defendant was denied without prejudice.
(Id. at 5-6.)  In addition, with respect to Plaintiff's attempt to
name Cole as a Defendant, the Court construed Plaintiff's motion as
a motion to amend the factual allegations against Cole because he
was already a named defendant in the case.  (Id. at 6 n.3.)  The
Court also granted Plaintiff leave to file an amended complaint
setting forth additional factual allegations against Cole and
Defendants David F. Young, Esquire and Peter Ritter, Esquire in the
Fourth Count of the complaint, and against Defendant Neal Comer in
the Second Count of the complaint.  (Id. at 6, 8.)  The Court
further granted Plaintiff leave to include Defendant Ritter in the
Fifth Count of the complaint.  (Id. at 7.)  The Court did not
permit Plaintiff to assert any additional factual allegations
against Defendant Comer in the Third or Fourth Counts of the
complaint.  (Id. at 6-8.)  Plaintiff was directed to file an
amended complaint consistent with the September 28, 2007 Order

2

within ten days.  (<u>Id.</u> at 8-9.)

On October 11, 2007, rather than filing an amended complaint, Plaintiff filed the present motion [Doc. No. 93] seeking the same relief that was previously addressed by this Court and the District Court.  In the motion, Plaintiff requests that default judgment be entered against Defendant Cole.  Plaintiff also requests leave to "[j]oin Blease Lloyd Associates to the captioned action" and to "[j]oin Denys Cole to the [c]aptioned case as an Associate of Blease Lloyd."  (<u>See</u> Plaintiff's Motion filed October 11, 2007 (hereinafter "Pl. Motion"), at 1.)  In addition, Plaintiff seeks leave to amend the Fourth Count of the complaint to assert allegations against (1) Defendant Young "to enter into the conspiracy to direct the fraud and use Moninvert for transfer of funds and facilitate the documentation necessary;" (2) Defendant Ritter "for his part in signing the boat, Kivu, away as First Director of Becker Trust and fraudulently removing Plaintiff from ownership of Becker Trust or to loot the contents of Becker Trust;" and (3) Defendant Cole "for using his nautical knowlege [sic] to get the boat back from Canada and into the [c]ontrol of the Defendants."  (<u>Id.</u>)  Plaintiff further seeks leave to add Defendant Ritter to the Fifth Count of the complaint, and to amend the Second Count of the complaint "to note that Comer instructed Plaintiff to set up an account in the Bank of Credit in Montevideo for Defendant Comer's and Defendant Young's use during Plaintiff's absence" to pay taxes and fines pursuant to Plaintiff's instruction.  (<u>Id.</u>)

3

On November 19, 2007, the Court received another motion [Doc. No. 96] from Plaintiff, under cover letter dated November 3, 2007, seeking relief that was addressed by this Court in the September 28, 2007 Order.  The November 3, 2007 cover letter indicated that Plaintiff was "resubmitting the amended complaint . . . since [he] was not satisfied with the first attempt."[1]  In this latter-filed motion, Plaintiff once again seeks to add Blease Lloyd and Denys Cole, an Associate of Blease Lloyd, as defendants in this case. Plaintiff specifies that he seeks to assert a damage claim against these entities on the ground that they were purportedly co-conspirators in a conspiracy that was allegedly "overtly" in operation from the late 1980s through 1999, and is purportedly in operation to the present. (See Plaintiff's Motion filed November 19, 2007, at 1.)  It appears that Plaintiff also seeks to assert a constructive fraud claim against Cole and Blease Lloyd.  (Id.)

Defendant Comer, the only Defendant who answered Plaintiff's complaint, filed letter briefs in opposition to both of Plaintiff's motions.  By letter dated October 22, 2007, Defendant Comer opposes Plaintiff's October 11, 2007 motion to the extent Plaintiff seeks to add substantive allegations against Defendant Comer, asserting that the motion is filed two and a half years into this litigation and fifteen months after the close of fact discovery.  (See Letter dated October 22, 2007 [Doc. No. 94], at 1-2.)  Defendant Comer

---

1. Notwithstanding Plaintiff's representation, he did not submit a proposed amended complaint with the November 19, 2007 motion.

supplemented his opposition to the motion to amend by letter dated October 23, 2007, arguing that the Court's Order dated September 28, 2007 only permitted Plaintiff leave to file an amended pleading in the form previously submitted to the Court, and did not permit Plaintiff to file "something entirely different from that which he has already proposed." (See Letter dated October 23, 2007 [Doc. No 95], at 1-2.)  Defendant Comer further opposes Plaintiff's motion because Plaintiff purportedly failed to attach a proposed amended pleading as required by Local Civil Rule 7.1(f).  (Id. at 1.)  On January 10, 2008, Defendant Comer filed a letter brief in opposition to Plaintiff's second motion for leave to amend, again asserting that Plaintiff's motion should be denied because he failed to attach a proposed pleading as required by the Local Civil Rules.  (See Letter dated January 10, 2008 [Doc. No. 99], at 1.) Moreover, Defendant Comer objects to Plaintiff's proposed amendment to the extent Plaintiff asserts a claim against Defendant Comer for conversion of a boat, because such claim was already dismissed by the District Court by Order dated June 28, 2007.  (Id. at 2.) Defendant Comer contends that Plaintiff cannot "bootstrap" claims for conversion back into the case after they were already dismissed with prejudice.  (Id.)  In addition, Defendant Comer addresses Plaintiff's delay in seeking leave to amend, stating that Plaintiff "had plenty of time to conduct discovery prior to even filing suit" and that he should not be allowed to amend his pleading to assert "rather stale claims" at this time.  (Id.)  Defendant Comer

contends that Plaintiff's undue delay in seeking leave to amend his complaint warrants denial of his motion.  (Id.)[2]

With respect to Plaintiff's request that default judgment be entered against Defendant Cole, the Court notes that the District Court entered an Order, dated June 27, 2007, denying Plaintiff's prior motion [Doc. No. 70] for default judgment against this defendant.  In the June 27, 2007 Order, the District Court advised Plaintiff that he "may request a default judgment proof hearing when he is prepared to present admissible evidence sufficient to (1) determine the amount of damages suffered by Plaintiff, (2) establish the truth of the averments made in Plaintiff's Certification in support of Plaintiff's Motion for Default Judgment, and (3) establish the timeliness of each claim against Cole." (Order dated June 27, 2007, at 2.)  In the present motion for default judgment, Plaintiff does not request a proof hearing, nor does he indicate that he has evidence sufficient to establish any of the factors previously set forth by the District Court in the June 27, 2007 Order.  Consequently, Plaintiff's motion for default judgment against Defendant Cole is denied without prejudice.

As to Plaintiff's motions for leave to amend the complaint,

---

2.  The Court notes that Plaintiff filed a reply letter brief on January 23, 2008 [Doc. No. 100] which addresses Defendant Comer's arguments regarding undue delay.  The Court need not address in this Order whether undue delay is a sufficient ground to deny Plaintiff's motion with respect to Defendant Comer, because any attempts to assert claims against Defendant Comer are denied on separate grounds as set forth herein.

the Court set forth in its September 28, 2007 Order the standard
for granting leave to amend pleadings.  Under FED. R. CIV. P.
15(a), leave to amend pleadings "shall be freely given when justice
so requires."  In <u>Foman v. Davis</u>, 371 U.S. 178 (1962), the Supreme
Court articulated the liberal policy of allowing amendments
underlying FED. R. CIV. P. 15(a) as follows:

> If the underlying facts or circumstances relied upon by
> a plaintiff may be a proper subject of relief, he ought
> to be afforded an opportunity to test his claim on the
> merits.  In the absence of any apparent or declared
> reason -- such as undue delay, bad faith or dilatory
> motive on the part of the movant, repeated failure to
> cure deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance of
> the amendment, futility of amendment, etc. -- the leave
> sought should, as the rules require, be 'freely given.'

<u>Foman</u>, 371 U.S. at 182; <u>see also</u> <u>Shane v. Fauver</u>, 213 F.3d 113, 115
(3d Cir. 2000).  "In the absence of substantial or undue prejudice,
denial [of requests to amend pleadings] must be grounded in bad
faith or dilatory motives, truly undue or unexplained delay,
repeated failure to cure deficiency by amendments previously
allowed or futility of amendment." <u>Heyl & Patterson Int'l, Inc. v.
F.D. Rich Hous. of the Virgin Islands</u>, 663 F.2d 419, 425 (3d Cir.
1981); <u>see also</u> <u>Bechtel v. Robinson</u>, 886 F.2d 644, 652 (3d Cir.
1989).  In determining whether an amendment is futile, courts shall
conduct the same analysis as that utilized for a motion to dismiss
under FED. R. CIV. P. 12(b)(6).  See <u>Shane</u>, 213 F.3d at 115 (citing
<u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d
Cir. 1997)); <u>see also</u> <u>Pharm. Sales & Consulting Corp. v. J.W.S.
Delavau Co.</u>, 106 F. Supp. 2d 761, 765 (D.N.J. 2000).  "Under this

standard, the Court must accept as true the allegations in the . . . proposed [amendments to the complaint] and construe those allegations in the light most favorable to the [Plaintiff]." Pharm. Sales & Consulting Corp., 106 F. Supp. 2d at 765.

In the October 11, 2007 motion, Plaintiff seeks leave to assert in the Fourth Count of the complaint claims against Defendants Cole, Young, and Ritter, as described supra. By Order dated September 28, 2007, this Court already granted Plaintiff leave to file an amended complaint to assert these claims. (See Order dated September 28, 2007, at 6, 8.) Therefore, with respect to these proposed amendments, Plaintiff's motion shall be dismissed as moot.

In both the October 11, 2007 motion and the November 19, 2007 motion, Plaintiff seeks leave to name Denys Cole, an Associate of Blease Lloyd, as a Defendant. The Court also previously addressed this proposed amendment in its September 28, 2007 Order. (Id. at 6 n.3.) Denys Cole is currently a named defendant in this action; consequently, Plaintiff need not file an amended complaint adding Defendant Cole, as an Associate of Blease Lloyd, to the caption. Therefore, Plaintiff's October 11, 2007 motion for leave to amend shall be dismissed as moot with respect to this proposed amendment. Moreover, because the November 19, 2007 motion seeks relief that is duplicative of the relief sought in the October 11, 2007 motion, the latter-filed motion shall be denied with respect to this proposed amendment.

8

To the extent Plaintiff, in his October 11, 2007 motion, moves for leave to amend the Second Count of the complaint, which seeks an accounting and is asserted against Defendant Comer only, Plaintiff's motion is denied.  Although the Court previously granted Plaintiff leave to amend this count by Order dated September 28, 2007, the District Court thereafter granted summary judgment in favor of Defendant Comer as to both the Second and Fifth Counts of the complaint. (See Order dated March 10, 2008, at 1.)  Defendant Comer asserted in his summary judgment motion that an order compelling an accounting is warranted only where it has been shown, inter alia, that the account in question is of a particularly "complicated nature" and that there is a justifiable need for such discovery. (See Opinion dated March 10, 2008, at 17.)  In granting Defendant Comer's motion, which was not opposed by Plaintiff, the District Court agreed with Defendant Comer's "'showing' . . . that there is an absence of evidence' demonstrating either the complicated nature of the accounts in question or the needs justifying such discovery." (Id. at 17-18)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Plaintiff's proposed amendment to the Second Count does not cure the deficiencies identified by the District Court, as Plaintiff merely provides more detail about the accounts in question and Defendant Comer's purported malfeasance, and clarifies the relief sought.  Plaintiff does not set forth additional facts or evidence demonstrating the complicated nature of the accounts in question or

the needs justifying such discovery, and thus fails to make the required showing to obtain an order compelling an accounting. Consequently, Plaintiff's motion for leave to amend with respect to the Second Count shall be denied as futile.

Likewise, to the extent Plaintiff, in his October 11, 2007 motion, seeks to add Defendant Ritter to the Fifth Count, the motion is denied.  Although this Court granted Plaintiff leave to amend the complaint in this regard by Order dated September 28, 2007, the District Court subsequently granted Defendant Comer's motion for summary judgment on the Fifth Count of the complaint. The District Court's rationale for granting summary judgment as to the Fifth Count applies not only to Plaintiff's claim against Defendant Comer, but also to his proposed claim against Defendant Ritter.[3]  In this regard, with respect to the Fifth Count, Plaintiff does not set forth facts or evidence demonstrating the complicated nature of the accounts in question or the needs justifying such discovery, and fails to make the required showing to obtain an order compelling an accounting.  Consequently,

---

3. Plaintiff also submitted a letter to the Court dated October 11, 2007 [Doc. No. 92] stating that certain statements in the Court's September 28, 2007 Order are "untrue" and that Plaintiff "need[s] to know how to handle these discrepancies."  (Letter dated October 11, 2007, at 1.)  The purported "discrepancies" to which Plaintiff refers relate to determinations made by the District Court in its June 28, 2007 Opinion and Order.  The Court notes that Plaintiff filed a motion for reconsideration of the District Court's June 28, 2007 decision, specifically the District Court's granting of summary judgment as to Count One. The motion for reconsideration was denied by Order dated March 10, 2008.

Plaintiff's motion for leave to amend his complaint to add Defendant Ritter to the Fifth Count shall also be denied as futile.

Both of Plaintiff's motions for leave to amend seek to add Blease Lloyd as a defendant in this action, and to assert conspiracy and/or constructive fraud claims against Blease Lloyd and Defendant Cole. In connection with these proposed amendments, Plaintiff submitted with his November 19, 2007 motion a certification, with various documents annexed thereto, describing Defendant Cole's and Blease Lloyd's alleged role in a purported conspiracy, and a document titled "Damage Claim for Cole and Blease Lloyd Associates." However, the proposed amended complaint submitted with the October 11, 2007 motion fails to set forth any conspiracy and/or fraud allegations against Blease Lloyd or Defendant Cole, and a proposed amended complaint was not submitted with the November 19, 2007 motion. Consequently, the Court cannot determine whether Plaintiff's proposed conspiracy and/or constructive fraud claim(s) are futile. Plaintiff's October 11, 2007 motion shall therefore be denied without prejudice to the extent Plaintiff seeks leave to assert conspiracy and/or constructive fraud claims against Blease Lloyd and Defendant Cole.[4] Further, because Plaintiff's November 19, 2007 motion with respect to this proposed amendment is duplicative of the relief sought in

---

4. In the event Plaintiff again moves for leave to amend his complaint, Plaintiff shall not include any allegations against Defendant Comer for conversion regarding Plaintiff's sailboat, as the District Court already granted summary judgment as to such claim. (Opinion dated June 28, 2007, at 29-30.)

Plaintiff's October 11, 2007 motion, the latter-filed motion shall be denied.

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this 30th day of May, 2008:

**ORDERED** that Plaintiff's motion for default judgment [Doc. No. 93] shall be, and is hereby, **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's motion for leave to amend the complaint [Doc. No. 93] shall be, and is hereby, **DENIED** in part, **DENIED WITHOUT PREJUDICE** in part, and **DISMISSED WITHOUT PREJUDICE** in part; and it is further

**ORDERED** that Plaintiff's motion for leave to amend the complaint [Doc. No. 93] is dismissed without prejudice insofar as Plaintiff seeks leave to amend the Fourth Count of the complaint to assert claims against Defendants Cole, Ritter, and Young as set forth in the proposed amended complaint attached to Plaintiff's prior motion for leave to amend [Doc. No. 74]; and it is further

**ORDERED** that Plaintiff's motion for leave to amend the complaint [Doc. No. 93] is dismissed without prejudice insofar as Plaintiff seeks leave to name Denys Cole, an Associate of Blease Lloyd, as a defendant in this action; and it is further

**ORDERED** that Plaintiff's motion for leave to amend the complaint [Doc. No. 93] is denied insofar as Plaintiff seeks leave to amend the allegations against Defendant Comer in the Second

Count of the complaint and add Defendant Ritter to the Fifth Count of the complaint; and it is further

**ORDERED** that Plaintiff's motion for leave to amend the complaint [Doc. No. 93] is denied without prejudice insofar as Plaintiff seeks leave to amend the complaint to add Blease Lloyd as a defendant and assert conspiracy and/or constructive fraud claims against this proposed defendant; and it is further

**ORDERED** that Plaintiff's motion for leave to amend the complaint [Doc. No. 93] is denied without prejudice insofar as Plaintiff seeks leave to assert additional claims against Defendant Cole for conspiracy and/or constructive fraud; and it is further

**ORDERED** that Plaintiff's motion for leave to amend the complaint [Doc. No. 96] shall be, and is hereby, **DENIED**; and it is further

**ORDERED** that the time within which Plaintiff may file his amended complaint as set forth in the Court's September 28, 2007 Order is hereby *sua sponte* extended to ten (10) days of the date of entry of this Order; such amended complaint shall be consistent with the September 28, 2007 Order and this Order.


                              s/ Ann Marie Donio
                              ANN MARIE DONIO
                              UNITED STATES MAGISTRATE JUDGE


cc: Hon. Jerome B. Simandle



                              13